Lorjng, J.,
dissenting;
The first specification of cause for demurrer amounts to the general issue. The second is as follows ; “ That the petition shows that the conveyance to St. Maxent and the confirmation to Smith & Ilooe reserved to the government of Spain, and to its successor, the government of the United States, the right to resume possession of so much of the land conveyed as should be necessary for a fortification, which right of resumption was exercised in the occupation of part of said land for the site of Fort Jackson.”
Ilooe & Smith were assignees of Maxent, and the title confirmed to them was his title, derived from the order of survey made by the Baron de Carondelet, the third stipulation of which is as follows : “Third. That it is reserved for his Catholic Majesty, the use of said lands situated between the Bayou Heard and Carancoo, as aforesaid, whenever he shall want it for any fortification.”
' The right thus reserved to his Catholic Majesty is not a sovereign right, nor pertaining to jurisdiction ; it is merely a right of property, reserved by deed and exercisable on the lands of the grantee in his possession. The United States claim that this right of property passed to them under the treaties of cession, and to sustain this claim and the demurrer, it must appear from the petition and the documents it refers to and incorporates with itself, that the right thus reserved to his Catholic Majesty was assignable; and all that is furnished for such purpose is the third stipulation in the order of survey made by the Baron de Carondelet above cited.
*587 And it is observable that that stipulation or reservation is not to be construed with reference to the common law, for the parties to it were not acting under that law, nor can any rules, precedents, or 'analogies be drawn from it. And the only rule for our guidance hero is the universal rule that a deed must be construed according to its terms, illustrated by the circumstances of the parties and its subject-matter.
As to the terms of the deed. . The reservation is to “ his Catholic Majesty,” which at the most means the King of Spain then reigning, and bis successors in the sovereignty of Spain; or, in other words, the Crown of Spain. And the use is declared to be “whenever he (i. e. of the Crown of Spain) shall xcant it for any fortification,”
By the terms of the deed, then, when these are confined to their own force and literal meaning, I think the restoration is specific as to person and purpose, and' is to the crown of Spain for fortifications needed for Spain, and cannot be extended further without transcending its terms. .
Then as to the circumstances in which the reservation was made, I think these tend not to extend it, but to confine it to the strict meaning of its terms. The parties were acting under the laws of Spain, and by necessary intendment in reference to those laws, and the inference is they contemplated a use under those laws and no other. Then, although the use of lands for fortifications is a sovereign right and essential to all sovereigns, yet how it • shall be exercised every sovereign power determines for itself, and not one for another, and therefore the presumption is that his Catholic Majesty meant to provide for the crown of Spain and nothing more.
Then, as to the subject-matter of the reservation. This in its nature differs from a right of property in a specific thing-, as a horse or a house. The grant of either of these with the possession conveys the entire thing, and it is therefore assignable. But a right of use is exercisable in another’s property in his possession, and the use of A is not or may not be to the proprietor the same as the use of B, and therefore to substitute the use of B for the use of A is to change the thing granted, and that a grantee cannot do.
■ The civil law regarded this difference, and distinguished broadly and clearly between the ownership of a thing and a mere right to use it, for it made the former assignable, and it made the latter not assignable. Domat is express and peremptory both as to a right of use and a right of service, which this is. He says : “ The use cannot be transferred to other persons,” (Domat’s Civil Law, S traban, 973,) and the reason he gives is that the right of another might be more chargeable *588 to the proprietor. And of a right of service he says : “ The right of service is not to he extended beyond its terms, and cannot be communicated to others.” (Ibid., 415, 417, 418.)
Now:, I suppose it to he clear, that if the right reserved to his Catholic Majesty was from it's nature unassignable by the laws of the province of Orleans, where the land was, then it did not pass under the deeds of cession. The petition does not show that the rule of the civil law was the law of that province, but it does not show that it was not, and therefore the petition does not show ’whether or not the right was assignable, or whether or not it passed to the United States under the treaties of cession, which i"s the .ground of the demurrer. I think, therefore, the demurrer is not sustained.
The laws of a foreign'country are facts, and are to be proved by evidence; and if it was material to the defendants to show that the right reserved was assignable by the law under which it was made, they should have pleaded it and proved it.